AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DAVID GORDON<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 8:15MJ1310 TBM<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  April 13, 2015 through May 17, 2015  in the county of  Polk  in the
Middle District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 846 and 841(a) | Conspiracy to possess with intent to distribute a controlled substance; and possession with intent to distribute a controlled substance. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Matthew J. Kruse
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5-18-15

City and state: Tampa, FL

*Judge's signature*

THOMAS B. McCOUN III, U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Matthew J. Kruse, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), currently assigned to the Tampa District Office (TDO). I have been a law enforcement officer for over 6 years.

2. In connection with my official duties, I have participated in numerous criminal investigations involving local and international drug trafficking organizations. I have worked with other federal, state, and local agencies in conducting these investigations. In connection with my official DEA duties, I investigate criminal violations of federal laws, including but not limited to, Title 21, United States Code, Sections 841(a)(1), 843(b) and 846 (drug trafficking offenses). During my tenure with the DEA I have participated in numerous of investigations of drug trafficking offenses including cocaine. I have conducted or participated in surveillance, undercover operations, and the execution of search warrants, debriefings of informants and reviews of taped conversations. As a Special Agent, I have received specialized training in narcotics-related crimes and have participated in the investigation of complex drug conspiracies and all stages of illegal narcotics distribution, including investigations relating to the distribution and the sale of controlled substances such as cocaine. As such, I am familiar with the methods, routines and practices of narcotics traffickers, as well as the appearance and characteristics of controlled substances and the methods in which they are used, packaged for sale, and distributed.

3. This Affidavit is submitted for the limited purpose of establishing probable cause for the arrest of David GORDON for conspiracy to distribute cocaine, in violation

of Title 21, United State Code, Sections 846 and 841(a)(1). It does not set forth all facts known to your Affiant or other law enforcement personnel involved in this investigation. The statements contained herein are made on the basis of firsthand knowledge and information obtained from other law enforcement officers.

## SUMMARY OF INVESTIGATION

4. In mid-April 2015, DEA was made aware through a Confidential Source (herein referred to as CS-1) that David GORDON was attempting to deliver one to two kilograms of cocaine to Lakeland, FL, located in the Middle District of Florida. CS-1 has purchased kilograms of cocaine from GORDON since at least 2006. The telephonic conversations between CS-1 and GORDON were digitally recorded with the consent of CS-1.

5. On May 15, 2015, CS-1 contacted GORDON at telephone number 954-226-4354 for the purpose of buying cocaine. In summary, GORDON advised CS-1 that GORDON could only get one kilogram of cocaine, not two.

6. Later, on May 15, 2015, CS-1 contacted GORDON at telephone number 954-226-4354. In summary, GORDON confirmed that GORDON would meet CS-1 on May 16, 2015, to complete the deal for cocaine.

7. On May 16, 2015, based on information provided by CS-1, DEA agents established surveillance near the Hooters Restaurant, located at 3400 US Highway 98 N., Lakeland, Florida, in the Middle District of Florida.

8. In the early morning hours of May 17, 2015, at approximately 12:43 a.m., DEA agents observed a black Tahoe with an Ontario license plate, number "BVRD168,"

enter the parking lot of the Hooters Restaurant, located at 3400 US Highway 98 N., Lakeland, Florida.

9. At approximately 12:44 a.m., DEA agents observed the same black Tahoe being driven by David GORDON, who was wearing a white T-shirt, drive to the back parking lot of the Hooters Restaurant. Shortly thereafter, the Black Tahoe parked at the northeast corner of the parking lot. Subsequently, DEA agents observed CS-1 enter the Black Tahoe.

10. At approximately 12:48 a.m., agents received information from CS-1 that the kilogram of cocaine was present in GORDON's vehicle.

11. As DEA agents moved in to affect the arrest, GORDON ran from the vehicle and was subsequently apprehended a short distance from the Hooters parking lot.

12. As agents arrived to conduct a safety sweep of the black Tahoe, CS-1, who was seated in the front passenger seat, pointed out to agents the brick-shaped object wrapped in brown plastic tape. The brick-shaped object was in plain view sitting on top of a brown briefcase behind the center console of the Tahoe. Further, Lakeland Police Officer Ryan Back's (Badge #306) narcotics detection K9 alerted to the presence of narcotics on the exterior of the Tahoe.

13. Agents conducted a field presumptive test on the kilogram of cocaine. The test was positive for the presence of cocaine.

14. Subsequent to his arrest, DEA agents read GORDON his Miranda Warning. Agents asked GORDON if he understood his rights and GORDON replied "Yes".

15. GORDON made the following Post-Miranda Warning statements, in summary. GORDON stated to agents that he had paid $25,000.00 dollars for the kilogram of cocaine. GORDON said that he purchased the kilogram of cocaine from a Source of Supply (SOS) in California and that the SOS had shipped the kilogram of cocaine to Ft. Lauderdale, FL. GORDON said that he later picked up the kilogram of cocaine from a courier, in Fort Lauderdale, FL. GORDON said that he intended to sell the kilogram of cocaine for $37,000.00 dollars when he got to Lakeland, FL.

16. Based upon the information contained in this affidavit, your Affiant submits that there is probable cause to believe that David GORDON conspired to distribute and to possess with intent to distribute approximately one kilogram of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (Possession with intent to distribute a controlled substance) and 846 (Conspiring to possess with intent to distribute a controlled substance).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Matthew J. Kruse, Special Agent
Drug Enforcement Administration

Subscribed and sworn before me
This 18th day of May, 2015

_____
Thomas B. McCoun, III
United States Magistrate Judge